UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50139
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID KINDER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Western District of Texas
(W-94-CA-332(W-90-CR-28-2))
_____

(October 12, 1995)

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner David Kinder (Kinder) appeals the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. Kinder contends that his sentence is excessive since the offense of conspiracy cannot trigger a career offender enhancement under the Sentencing Guidelines (Guidelines) and that his trial counsel was constitutionally ineffective. Because the

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

district court did not err when it denied Kinder habeas relief, this court affirms.

## I.  FACTUAL BACKGROUND

The facts relevant to Kinder's conviction are recounted fully in published opinions from his direct appeal, *United States v. Kinder,* 946 F.2d 362, 365 (5th Cir. 1991), *cert. denied,* 503 U.S. 987, 112 S. Ct. 1677 (1992) *(Kinder I)* and *United States v. Kinder,* 980 F.2d 961, 962 (5th Cir. 1992), *cert. denied,* ___ U.S. ___, 113 S. Ct. 2376 (1993) *(Kinder II).*  Briefly, Kinder and his brother were arrested when they negotiated and purchased 269 ounces of methamphetamine for $5,800 from an undercover agent in Waco, Texas.

Kinder pleaded guilty to conspiracy to possess more than 100 grams of methamphetamine with intent to distribute, punishable under 21 U.S.C. §§ 846 and 841(a)(1).  Sentenced as a career offender under the Guidelines,[1] Kinder was ordered by the district court to be imprisoned for 400 months, serve a five-year term of supervised release, and to pay a mandatory assessment of $50.

## II.  DISCUSSION

Kinder seeks habeas corpus relief, contending that his sentence is excessive since the offense of conspiracy cannot trigger a career offender enhancement under the Guidelines.  To support this claim, Kinder relies on *United States v. Bellazerius,* 24 F.3d 698, 700-02 (5th Cir.), *cert. denied,* ___ U.S. ___, 115 S.

---

[1]     Kinder has a history of criminal behavior including six prior convictions for various offenses.

Ct. 375 (1994), which held that the Sentencing Commission exceeded its authority under 28 U.S.C. § 994(h) when it applied career offender enhancements to defendants convicted only of conspiracy. As a result, Kinder concludes that he is entitled to relief because his conspiracy sentence cannot be enhanced under the career offender provisions of the Guidelines.

However, habeas corpus relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992). Viewed in this light, *Bellazarius* does not support Kinder's claim for habeas relief since technical misapplications of the Guidelines are not cognizable under 28 U.S.C. § 2255. *See United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994); *Vaughn,* 955 F.2d at 368; *United States v. Williams,* No. 94-50329 (5th Cir. Mar. 27, 1995) (unpublished). In different terms, a technical misapplication of the Guidelines is not a constitutional transgression for which the writ of habeas corpus affords any relief.

Kinder also asserts that his trial counsel was constitutionally ineffective both during plea bargaining and at sentencing.[2] Specifically, Kinder suggests that he was deprived of

---

[2] Although Kinder currently points to five instances of allegedly inadequate representation, only two were raised in his petition for habeas relief with the district court. This court need not address the three claims not considered by the district court. After all, "issues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." *Varnado v.*

3

effective counsel when his lawyer failed to object both to the district court's interpretation of the Guideline's career offender provision and to the type of methamphetamine on which his sentence was allegedly based.[3]  Kinder's assertions are meritless.

To establish that he suffered from constitutionally ineffective counsel, Kinder must prove the two central elements of his claim: (1) that his counsel made errors so grievous that they deprived him of his Sixth Amendment guarantees; and (2) that this deficient performance actually prejudiced his defense and rendered the trial's result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  This court has interpreted the second prong of *Strickland* to require that, in non-capital sentences, the defendant demonstrate "a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been *significantly* less harsh." *Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir. 1993) (emphasis added).  Further, Kinder must overcome the deferential judicial scrutiny paid to counsel's performance; "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 446 U.S. at 690, 104 S. Ct. at 2066.

---

*Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (citations omitted).  By contrast, Kinder's other claims of ineffective assistance of counsel involve primarily factual questions that risk no manifest injustice if left unanswered by this court.

[3]    At least two chemical compositions, or isomers, of the illicit drug exist: D and L-methamphetamine.  Of the two compositions, D-methamphetamine carries a stiffer penalty under the Guidelines.  *See* § 2D1.1 (Drug Equivalency Table).  Kinder argues that the government did not prove which composition he purchased, yet the district court's sentence allegedly assumes that it was D-methamphetamine.

4

Kinder has not established that he suffered constitutionally inadequate representation when his counsel failed to object to the application of the Guideline's career offender enhancement to his conspiracy conviction. After all, *Bellazerius* was not decided until the completion of Kinder's sentencing and direct appellate review. Furthermore, the principle in *Bellazerius* is "technically sophisticated and nonobvious," and the court's opinion recognized a circuit split on the application of career offender enhancements to conspiracy convictions. *Williams,* at 10 n.9. *See also, Bellazerius,* 24 F.3d at 701. The mere failure of Kinder's counsel to anticipate a change in the law does not deprive Kinder of his constitutional right to effective assistance of counsel. *See Morse v. State of Texas,* 691 F.2d 770, 772 n.2 (5th Cir. 1982).

But Kinder also contends that he received ineffective assistance of counsel when his lawyer did not object to the type of methamphetamine on which the district court allegedly based his sentence. However, because Kinder was sentenced under the career offender provision of the Guidelines, rather than other provisions based on drug quantity, he was not prejudiced by his counsel's failure to object to the specific isomer of methamphetamine involved in the offense; the type of methamphetamine was not relevant to Kinder's sentence.

### III. CONCLUSION

For the foregoing reasons, the district court's denial of § 2255 habeas relief is **AFFIRMED.**

5